UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRENDA JOYCE WEST                                                     PLAINTIFF

v.                                              CIVIL ACTION NO. 3:05CV-486-S

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.                    DEFENDANT

**<u>MEMORANDUM OPINION</u>**

This matter is before the court for consideration of a number of motions.  The defendant,

Sedgwick Claims Management Services, Inc.[1], has filed a motion to dismiss (DN 5) on the ground

that the plaintiff, Brenda Joyce West, has failed to name the proper party defendant in this action

alleging wrongful denial of benefits under the Employee Retirement Income Security Act, 29 U.S.C.

§1132(a)(1)(B).  West seeks to amend her complaint (DN 9) and seeks sanctions against Sedgwick

for perceived dilatory tactics in its practice of this case (DN 13).  Sedgwick opposes West's

proposed amendments to the complaint.  It urges that amendment would be futile, reiterating its

basis for its motion to dismiss.

When a motion to dismiss is made, the court must take the allegations of the complaint as

true and grant dismissal only when it is beyond doubt that the plaintiff can prove no set of facts

entitling her to relief.  *Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004),

*citing, Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

West was a participant in the PNC Bank Corp. and Affiliates Long Term Disability Plan (the

"Plan"), a self-funded employee benefit plan, sponsored by her employer, PNC Bank Corp.[2]  West

---

[1]The complaint misspells the name of the defendant.  The court will use the correct spelling herein, gleaned from the
defendant's pleadings and the documents or record.

[2]The defendant states that PNC Financial Services Group, Inc. is the successor by name to PNC Bank Corp. as of March

(continued...)

contends that her long-term disability benefits were wrongfully terminated.  She filed suit against Sedgwick in the Jefferson County, Kentucky, Circuit Court on August 3, 2005 alleging violation of ERISA and the Kentucky Consumer Protection Act, and alleging bad faith in Sedgwick's dealings with West and her disability claim.  Sedgwick removed the action to this court under our federal question jurisdiction.  The parties agree that the Plan is a covered plan under the terms of ERISA.

Sedgwick contends that the only proper party defendant to a claim for wrongful denial of benefits under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), is the Plan itself.  It urges that because West sued Sedgwick instead of the Plan, the action must be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.  West disagrees with this statement of the law, citing *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988), among other cases, for the proposition that a proper party to a claim for wrongful denial of benefits under § 502(a)(1)(B) is one who is shown to control administration of the plan.[3]

As an initial matter, we note that neither the original nor any tendered amended version of the complaint recites a particular subsection of ERISA under which West is attempting to proceed. However, West responds to Sedgwick's § 502(a)(1)(B) argument and urges that under this subsection, Sedgwick is a proper party to the action.  The premise of Sedgwick's motion is that the Plan is the only entity subject to suit under § 502(a)(1)(B).  The court must therefore confine its analysis to this precise issue.

There is a split of authority over whether a plan is the only proper defendant in a suit to recover benefits under § 502(a)(1)(B).  *See Hall v. LHACO, Inc.*, 140 F.3d 1190 (8th Cir. 1998);

---

[2](...continued)
14, 2000.  The Plan name has not yet been amended.

[3]The question of whether Sedgwick controls administration of the Plan is not before us.  On a motion to dismiss, we must take the allegations of the complaint as true.  The complaint alleges that the Plan was administered by Sedgwick, and that Sedgwick made decisions concerning West's claim for benefits.

*Roig v. The Limited Long Term Disability Program*, 2000 WL 1146522 (E.D.La. Aug. 4, 2000) unpubl.

Under ERISA, an employee benefit plan may sue or be sued as an entity. 29 U.S.C. § 1132(d)(1). Any money judgment against a plan is enforceable only as against the plan: "Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter." 29 U.S.C. § 1132(d)(2). However, these provisions do not lead inexorably to the conclusion that the only proper party defendant to a claim for wrongful denial of benefits is the plan itself. There is no law in the Sixth Circuit establishing that a plan is the only proper defendant.[4]

Sedgwick cites two appellate cases from other circuits which do hold that a plan is the only proper defendant to a claim under § 502(a)(1)(B). *Lee v. Burkhart*, 991 F.2d 1004 (2nd Cir. 1993) and *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir. 1985).[5] *Lee* merely quotes *Gelardi* that "ERISA permits suits to recover benefits only against the Plan as an entity [under § 1132(a)(1)(B)]." As there is no independent analysis on this point in the *Lee* case, its holding is only as strong as the *Gelardi* case which it quotes.

The Ninth Circuit Court of Appeals in *Gelardi* similarly fails to offer any analysis in support of its statement that ERISA permits suits to recover benefits only against the plan as an entity. The court simply referenced §§ 1132(a)(1)(B) and 1132(d). Sedgwick bears the burden on its motion to dismiss to convince this court that the proposition of law upon which it relies is properly

---

[4]Sedgwick repeatedly cites to this court's unpublished decision in *Clark v. Kentucky State District Council of Carpenters AFL-CIO*, 2004 WL 903813 (W.D.Ky. April 27, 2004) for the proposition that "Plaintiff has failed to sue the Plan, which is the only proper defendant in a claim for benefits under ERISA." The *Clark* case neither expressly nor implicitly stands for this proposition. The case stated only that "[The labor union] is not the Plan, nor does it administer the plan. It is not a proper party to a suit for wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B), and must therefore be dismissed." *Clark*, at *1.

[5]Sedgwick cites *Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund*, 12 F.3d 1292 (3rd Cir. 1993) and *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) which are not helpful in this analysis, and *Roig, supra*, which is on point, but is not binding authority for this court.

grounded and has been or would be applied in this circuit.  Neither Sedgwick nor the cases which it cites offer a rationale for the conclusion that a plan is the only proper party defendant under § 502(a)(1)(B).  Indeed, there is split within the Ninth Circuit itself over the correctness of the *Gelardi* decision upon which Sedgwick places emphasis herein.  *See Everhart v. Allmerica Financial Life Insurance Company*, 275 F.3d 751 (9th Cir.), *cert. denied*, 536 U.S. 958, 122 S.Ct. 2662, 153 L.Ed.2d 836 (2002)(citing cases evidencing intra-circuit split; Reinhardt, J., dissenting therein). Thus *Gelardi* and its progeny are of questionable validity.

In *Hall, supra*, the Eighth Circuit recognized the split of authority among the circuits.  The court noted that the Sixth Circuit, among others, has held that a plan is not the only proper party defendant to a § 502(a)(1)(B) claim, citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.), *cert. denied,* 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988).  Sedgwick contends that the Sixth Circuit has not spoken on the issue at bar.  It urges that the court "declin[ed] to conclude that a plan administrator is a proper defendant under ERISA 502(a)(1)(B)" in *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988).  In fact, the court was not faced squarely with the question of whether a plan is the only proper defendant to a § 502(a)(1)(B) claim.  The Eaton Corporation, Daniel's employer, did not move for dismissal of the claims against it, but rather stated that the proper defendant was the Eaton Corporation in its capacity as Plan Administrator.  *Daniel*, 839 F.2d at 266.  The parties and the court then proceeded on that basis.  In other words, the party defendant, Eaton, remained a defendant, but essentially, wearing a different hat.

The Sixth Circuit cited various cases concerning the matter of the proper defendant in the context of discussing the capacity in which the Eaton Company was a party.  The court implicitly approved the decision by the parties in the lower court to proceed with the claim against Eaton as administrator.  The court recited the holding in *Barrett v. Thorofare Markets*, 452 F.Supp. 880 (W.D.Pa. 1978) in which a former employer was sued for wrongful denial of benefits.  The court had dismissed on the ground that the pension committee was the only proper defendant against whom

relief could be granted.  The committee, it held, was wholly responsible for the denial of benefits. *See, Barrett,* 452 F.Supp at 884; *Daniel*, 839 F.2d at 266.  The Sixth Circuit also cited *Boyer v. J.A. Majors Company Employees' Profit Sharing Plan*, 481 F.Supp. 454, 457-58 (N.D.Ga. 1979)(claim for benefits due and owing; no evidence that company controlled or administered plan); *Foulke v. Bethlehem 1980 Salaried Pension Plan*, 565 F.Supp. 882 (E.D.Pa. 1983)(claim for wrongful denial of lump sum pension benefits; finding question of fact concerning whether employer active in administration of plan).  The Sixth Circuit concluded that "[u]nless an employer is shown to control administration of a plan, it is not a proper defendant in an action concerning benefits." *Daniel*, 839 F.2d at 266.  The court in *Daniel* was not required to pass definitively on the correctness of the claim against Eaton as Plan Administrator.  The clear implication, however, is that a plan is not the only proper party to a claim for denial of benefits under § 502(a)(1)(B).

Courts both inside and outside this circuit have read *Daniel* to place the Sixth Circuit among the jurisdictions which have declined to follow the *Gelardi* line of cases limiting § 502(a)(1)(B) to claims against a plan only. *Everhart, supra; Roig, supra; Hall, supra; see also, Burkelow v. Local 215 International Brotherhood of Teamsters*, 2005 WL 3237149 (W.D.Ky. Nov. 28, 2005); *Clark, supra.*  The court finds no authority in this circuit which supports the proposition of Sedgwick that dismissal is required because the Plan is the only proper party defendant to a claim for wrongful denial of benefits.

Claims under §502(a)(1)(B) are viewed as equitable in nature in this circuit. *See, ie. Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 616 (6th Cir. 1998).

> The nature of an action under section 502(a)(1)(B) is for the enforcement of the ERISA plan.  Although the plaintiffs assert that they are claiming money damages, in effect they are claiming the benefits they are allegedly entitled to under the plan.

*Blake v. Unionmutual Stock Life Insurance Co. of America*, 906 F.2d 1525, 1526 (11th Cir. 1990).

> Traditionally, claims relating to trust principles were under the jurisdiction of the courts of equity, even where monetary relief was sought.  *See, e.g. Clews v. Jamieson*, 182 U.S. 461, 21 S.Ct. 845, 852, 45 L.Ed. 1183 (1901)..."Appellant is

- 5 -

seeking only instatement in the Program and the payments due him had he initially been granted participation to begin with.  Thus, his action is one in equity, not at law..."  *Bair*, 895 F.2d at 1097.

*Sprague v. General Motors Corporation*, 804 F.Supp. 931 934-35 (E.D. Mich.), *affm'd in part, rev'd in part on other grounds, reh'g en banc,* 133 F.3d 388 (6th Cir. 1998), *cert. denied*, 524 U.S. 923, 118 S.Ct. 2312, 141 L.Ed.2d 170 (1998).  "ERISA's legislative history...demonstrates beyond question that Congress intended to engraft trust-law principles onto the enforcement scheme, see n.6, *supra*, and a fundamental concept of trust law is that courts 'will give to the beneficiaries of a trust such remedies as are necessary for the protection of their interests.'"  *Massachusetts Mutual Life Insurance Co.,* 105 S.Ct. at 3097-98 (Brennan, J., concurring).  The complaint in this case seeks disability benefits from the date of their cessation to the present, and for an order compelling continuation of disability benefits into the future.  Complaint, p. 4, §§ 1, 2.  The court finds that ERISA's structure and purpose would support the view that one in control of the administration of a plan may be a proper § 502(a)(1)(B) defendant.

Nothing in the language of § 1132(a)(1)(B) requires that a claim for benefits be brought only against a plan.  As noted in *Harris Trust v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000) in interpreting a claim under § 502(a)(3),

> Other provisions of ERISA, by contrast, do expressly address who may be a defendant...And § 502(a) itself demonstrates Congress' care in delineating the universe of *plaintiffs* who may bring certain civil actions...In light of Congress' precision in these respects, we would ordinarily assume Congress' failure to specify proper defendants in § 502(a)(3) was intentional. [citation omitted].  But ERISA's "comprehensive and reticulated" scheme warrants a cautious approach to inferring remedies not expressly authorized by the text. [citations omitted].

*Harris*, 120 S.Ct. at 2187.  Even though *Harris* addressed claims brought under § 502(a)(3), we find the basic principles of statutory construction recited therein to be equally applicable to the claim at bar.

The court in *Hall*, 140 F.3d at 1195, discussed "redressability" under § 502(a)(1)(B).  That is, the court evaluated whether it was likely that the injury asserted by the plaintiff would be

redressed by a favorable decision on the claim. *Id.* The court noted that under 502 (a)(1)(B), benefits due under the terms of the plan can only be obtained from the plan itself. § 1132(d)(2). The court stated:

> Only the Plan and the current plan administrator can pay out benefits to Hall. Furthermore, an injunction requiring payment of plan benefits must be directed at an entity capable of providing the relief requested, *i.e.*, the plan administrator, not the plan itself. *See Hunt*, 119 F.3d at 908...Similarly, relief "enforc[ing] [Hall's] rights under the terms of the plan," the second category of relief under § 502(a)(1)(B), also cannot be obtained from [one that]...no longer administers the plan...[T]he last category of relief under § 502(a)(1)(B), a "clarif[ication] of [Hall's] right to *future* benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B)(emphasis added), necessarily cannot be had against [one who] has nothing to do with Hall's future benefits. Thus Hall's claim pursuant to § 502(a)(1)(B) simply is not "redressable" against LHACO [the former plan administrator]...

*Hall*, 140 F.3d at 1196, *citing, Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Thus the Eighth Circuit treated the questions of who may be a proper party defendant and whether relief may be obtained on the claim as related but separate concerns.

Under § 1132(d)(2) a money judgment on a claim for wrongful denial of benefits under a plan, is only enforceable against the funds of the plan and not against any other entity individually. This court expresses no opinion on the question of whether the Plan is a necessary party to a claim under § 502(a)(1)(B) in order for the plaintiff to obtain complete relief.[6] That question is not before us. For our purposes, it is sufficient that the plaintiff has sought, among other remedies, an order declaring her entitlement to continued benefits under the Plan. The existence of this claim for under the second or third category of relief specified in § 502(a)(1)(B) requires denial of Sedgwick's motion to dismiss Count 1 of the complaint.

West's state law claims for bad faith and violation of the Kentucky Consumer Protection Act must be dismissed as preempted by ERISA. *See, Ramsey v. Formica Corp.*, 398 F.3d 421, 424-25 (6th Cir. 2005), *citing, Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987);

---

[6]*See, ie.,* ERISA Litigation Reporter, Vol. 7, No. 4, "Who Does a Plaintiff Sue for Benefits?" p. 10.

*Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991).  West does not dispute this contention.

      For the reasons set forth herein, the motion of Sedgwick to dismiss will be granted to the extent that it seeks dismissal of West's state law claims.  In all other respects the motion will be denied.

      West has moved for leave to file a second amended complaint to add PNC Bank Corp. as a defendant.  Sedgwick has objected on the ground of futility.  Inasmuch as the objection is based solely on the argument that the Plan is the only proper defendant, and the argument was rejected by this court herein, the motion for leave to amend will be granted.

      A separate order will be entered this date in accordance with this opinion.